**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1789**

---

SUMMIT HOSPITALITY GROUP, LTD,

        Plaintiff - Appellant,

    v.

THE CINCINNATI INSURANCE COMPANY,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:20-cv-00254-BO)

---

Submitted:  March 2, 2026                                    Decided:  July 15, 2026

---

Before RUSHING, HEYTENS, and BERNER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Gregg E. McDougal, William R. Hartzell, MCDOUGAL HARTZELL, PLLC, Raleigh, North Carolina, for Appellant.  Daniel G. Litchfield, Brian M. Reid, Laurence J.W. Tooth, LITCHFIELD CAVO, LLP, Chicago, Illinois; T. Nicholas Goanos, BUTLER WEIHMULLER KATZ CRAIG LLP, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Summit Hospitality manages and develops several hotels and restaurants in the State of North Carolina. Following the outbreak of the COVID-19 pandemic, Summit suffered financial losses resulting from government-mandated closures. Summit sought coverage for these losses from its insurer, Cincinnati Insurance Company.

After Cincinnati denied coverage, Summit filed an action in North Carolina state court, seeking monetary damages and a declaration that its losses were covered under its insurance policy with Cincinnati. Cincinnati removed the case to federal court pursuant to diversity jurisdiction and moved to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

The district court granted Cincinnati's motion. Applying the substantive law of North Carolina, the district court ruled that Summit had failed to demonstrate that it was entitled to relief. *Summit Hosp. Grp., Ltd. v. Cincinnati Ins. Co.*, No. 5:20-CV-254-BO, 2021 WL 831013, at *4 (E.D.N.C. Mar. 4, 2021). This court affirmed. *Summit Hosp. Grp., Ltd. v. Cincinnati Ins. Co.*, No. 21-1362, 2022 WL 2072759 (4th Cir. June 9, 2022).

Three years after the district court granted Cincinnati's 12(b)(6) motion and Summit's case was dismissed with prejudice, the North Carolina Supreme Court issued a ruling in *North State Deli, LLC v. Cincinnati Ins. Co.*, a case brought by dining establishments seeking insurance coverage for business income losses arising out of COVID-19 government shut-down orders. 908 S.E.2d 802 (N.C. 2024). In *North State Deli*, the North Carolina Supreme Court held that the term "direct physical loss," as defined by the dining establishments' insurance policy, includes losses incurred when property "is

2

no longer usable for its insured purpose, as a policyholder would reasonably expect." *Id.* at 810. Accordingly, the dining establishments' losses were covered under the policy. *Id.* at 812–13.

Following the *North State Deli* ruling, Summit filed a motion for relief from the prior ruling dismissing its case pursuant to Federal Rule of Civil Procedure 60(b)(6). The district court denied Summit's motion, finding that Summit had failed to demonstrate extraordinary circumstances, a condition of Rule 60(b)(6) relief. *Summit Hosp. Grp., Ltd. v. Cincinnati Ins. Co.*, No. 5:20-CV-254-BO, 2025 WL 1671371 (E.D.N.C. June 12, 2025). This appeal followed.

Summit Hospitality argues that the district court abused its discretion in denying its Rule 60(b)(6) motion. We disagree. Having reviewed the parties' arguments and the record and in light of this court's decision in *Golden Corral v. Ill. Union Ins. Co.*, No. 25-1682 (4th Cir. July 15, 2026), we conclude that the district court acted well within its discretion.

Though, unlike in *Golden Corral*, the insurer in this case and the insurer in *North State Deli* are one and the same, the remaining relevant facts and circumstances differ. Like in *Golden Corral*, Summit's case does not arise out of the same transaction or occurrence as that in *North State Deli*, nor can it be said that the two cases are closely related. The losses suffered by Summit are not the same losses as those suffered by the plaintiffs in *North State Deli*. Moreover, while Summit contends that the policies at issue are "materially similar," the cases concern claims arising under different insurance policies. We see no reason to depart from our circuit precedent that "a mere change in decisional

law—without more—does not provide a basis for Rule 60(b)(6) relief." *Golden Corral*, slip op. at 7 (citing *Moses v. Joyner*, 815 F.3d 163, 168–69 (4th Cir. 2016)).

Having discerned no abuse of discretion, we affirm the ruling of the district court denying Summit's Rule 60(b)(6) motion.

*AFFIRMED*